UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER WOJDELKO, )<br>)<br>PLAINTIFF, )<br>)<br>v. )<br>)<br>ENHANCED RECOVERY COMPANY, LLC )<br>d/b/a ERC, )<br>)<br>DEFENDANT. ) | Civil Action No.<br><br><br>Jury Demanded |

# COMPLAINT

Plaintiff, Christopher Wojdelko, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. §1331, and pursuant to 28 U.S.C. § 1367 as to Plaintiff's state law claims.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## STANDING

3. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

4. Specifically, Plaintiff suffered a concrete injury and harm to his reputation as a result of Defendant's communication of false information regarding an alleged debt to a third party. *Sayles v. Advanced Recovery Systems, Inc.*, 2017 U.S. App. LEXIS 12080 *7 (5th Cir. July, 6, 2017) ([Defendant's §1692e(8)] violation exposed [plaintiff] to a real risk of financial harm caused by an inaccurate credit rating); *see also, Bowse v. Portfolio Recovery Assocs., LLC*,

218 F. Supp. 3d 745, 749 (N.D. Ill. 2016) ("Unlike an incorrect zip code, the 'bare procedural violation' in *Spokeo*, an inaccurate credit rating creates a substantial risk of harm.").

## PARTIES

5. Plaintiff, Christopher Wojdelko ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for an allegedly defaulted Sprint mobile telephone service account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

6. Defendant, Enhanced Recovery Company, LLC d/b/a ERC, ("Defendant") is a Florida LLC that does or transacts business in the State of Illinois, and that has a corporate address of 8014 Bayberry Road, Jacksonville, FL 32256.

7. Defendant is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. Defendant is licensed as a collection agency in the State of Illinois.

9. Defendant's principal purpose is the collection of defaulted consumer debts, as it derives most of its revenue from recovering defaulted receivables from consumers.

10. Defendant regularly collects or attempts to collect defaulted consumer debts on behalf of others.

11. Defendant uses the mails to mail collection letters to consumers both within and outside of Florida in its attempt to collect defaulted consumer debts from consumers.

12. Defendant uses instrumentalities of interstate commerce in its business, such as telephone, mail and email, in contracting with credit reporting agency TransUnion located in Chicago, Illinois, for the purpose of having TransUnion provide credit reporting of information relating to consumer debts that Defendant attempts to collect.

## FACTUAL ALLEGATIONS

13. According to Defendant, Plaintiff incurred an alleged debt for goods and services purchased and incurred in connection with Plaintiff's contract with Sprint for mobile telephone service, associated with an account number ending in 0869.

14. The service was alleged to have been provided to Plaintiff personally, was used for personal, family and household purposes, and was not a business account.

15. The obligation incurred as a result of the service provided by Sprint (hereafter, "alleged debt") is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

16. Sprint did not provide service under the terms agreed upon with Plaintiff and overcharged Plaintiff for services it did provide. Plaintiff returned the equipment he had obtained from Sprint as a result.

17. Sprint thereafter claimed that Plaintiff owed it money.

18. Plaintiff disagreed and refused to pay the money sought.

19. Sprint thereafter declared the alleged debt to be in default, and hired Defendant to collect the alleged debt.

20. On or around March 7, 2018, Defendant mailed Plaintiff an initial letter in connection with the collection of the alleged debt, wherein the letter indicates that Plaintiff owes $873.73 to Sprint, for account number XXXXX0869.

21. The letter stated in part that "this is an attempt to collect a debt."

22. On March 22, 2018, after receiving the letter, Plaintiff placed a phone call to Defendant in which he disputed that he owed the alleged debt.

23. Specifically, after placing the call to Defendant on March 22, 2018 and being connected to an agent or employee of Defendant, Plaintiff informed said agent or employee that it was Sprint that had defaulted under their agreement, and not him, and thus Plaintiff communicated that he disputed owing the alleged debt.

24. About a month later, on April 22, 2018, Defendant communicated credit information about the alleged debt to the TransUnion credit reporting agency.

25. Despite communicating other credit information about the alleged debt to the TransUnion credit reporting agency, Defendant did not communicate that the alleged debt was disputed.

26. Plaintiff thereafter purchased his TransUnion credit report.

27. Plaintiff thereafter became aware that Defendant failed to communicate to Transunion that Plaintiff's alleged debt was disputed, though it communicated other credit information about the alleged debt to the TransUnion credit reporting agency.

28. Defendant had been notified more than a month prior of Plaintiff's dispute.

29. Several weeks is sufficient time for a debt collector to update its records. *See Herbert v. Monterey Financial Services, Inc.*, 863 F. Supp. 76 (D. Conn. 1994) (holding that five days was enough time for a debt collector to update their records with information from a consumer's letter").

30. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be**

> **false, including the failure to communicate that a disputed debt is disputed. . . .**

31. Defendant failed to communicate a dispute to the TransUnion credit reporting agency, in violation of 15 U.S.C. 1692e(8), when it knew or should have known about the dispute, and when it communicated other credit information regarding the alleged debt to TransUnion.

32. Credit reporting by a debt collector constitutes an attempt to collect a debt. *E.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

33. Defendant materially affected Plaintiff's credit profile by failing to note Plaintiff's dispute.

34. A debt reported with no dispute results in a much lower credit score than a report of both the debt and the dispute. *Saunders v. Branch Banking and Trust Co. of VA*, 526 F. 3d 142, 146-47 (4th Cir. 2008).

35. Plaintiff experienced negative emotions about Defendant's false communication to TransUnion, including feelings of hopelessness, annoyance, aggravation, and other garden variety emotional distress.

36. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See, Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I- FAIR DEBT COLLECTION PRACTICES ACT

37. Plaintiff re-alleges the paragraphs above as if set forth fully in this count.

38. Defendant failed to communicate a dispute to the TransUnion credit reporting agency, in violation of 15 U.S.C. 1692e(8), when it knew or should have known about the dispute and when it communicated other credit information regarding the alleged debt to TransUnion.

WHEREFORE, Plaintiff respectfully asks this Court enter judgment in Plaintiff's favor and against Defendant as follows:

    A.    Actual damages pursuant to 15 U.S.C. § 1692d(a)(1);

    B.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    C.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    D.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

The Law Office of M. Kris Kasalo, Ltd.  
20 North Clark Street, Suite 3100  
Chicago, Illinois 60602  
tel 312.726.6160  
fax 312.698.5054  
mario.kasalo@kasalolaw.com

By: s/ Mario Kris Kasalo  
Mario Kris Kasalo

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

By: s/ Mario Kris Kasalo  
Mario Kris Kasalo